IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHARON MAE ALT,

    Plaintiff,

    v.                                       Civil Case No. SAG-15-1529

NATIONAL RAILROAD PASSENGER
CORP., d/b/a AMTRAK,

    Defendant.

* * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff Sharon Mae Alt ("Ms. Alt") brought this action against Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") for injuries she sustained after slipping on ice at the Maryland Area Rail Commuter ("MARC") train station in Essex, Maryland. *See* [ECF No. 2]. The parties consented to proceed before a magistrate judge. *See* [ECF Nos. 15, 17]. I have reviewed Ms. Alt's pending Motion for Leave to File an Amended Complaint, [ECF No. 28], and Amtrak's Opposition thereto, [ECF No. 33]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth herein, Ms. Alt's motion will be GRANTED.

**I. FACTS**

On the morning of December 17, 2014, Ms. Alt fell and fractured her left wrist, left forearm, and left shoulder, and injured her neck and left knee, when she slipped on ice and fell while attempting to step from the wooden platform on to a train at the Martin State Airport MARC Station in Essex, Maryland. *See* Pl's. Am. Compl. ¶¶ 5, 6. Upon information and belief that Amtrak is responsible for the custodial maintenance of the MARC station, Ms. Alt filed her complaint against Amtrak in the Circuit Court of Maryland for Baltimore County. *See* [ECF No.

2]. Ms. Alt's original complaint sought damages in the amount of $74,999.00. *See* Pl's. Compl. ¶ 6; Def.'s Opp. ¶ 1. Amtrak is a national corporation in which the United States owns more than fifty-one percent of the capital stock. *See* Ernst & Young LLP, *National Railroad Passenger Corporation and Subsidiaries (Amtrak) Consolidated Financial Statements Years Ended September 30, 2014 and 2013* 4, 9 (2015). Therefore, pursuant to 28 U.S.C. §§ 1331 and 1349, this Court properly has jurisdiction over this case. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), 1349 ("The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."); *see also In re Rail Collision Near Chase, Md. On Jan. 4, 1987 Litig.*, 680 F. Supp. 728, 730 (D. Md. 1987) ("Defendants have cited no authority, statutory or otherwise, inconsistent with the conclusion reached herein that Congress created Amtrak . . . as [a] private corporation[] under state law, but subject to federal question jurisdiction as long as the federal government held majority ownership.").

Following Amtrak's proper removal of the case to this Court under 28 U.S.C. § 1441(a), [ECF No. 1], Ms. Alt filed the instant motion for leave to amend her complaint to increase the amount sought in her *ad damnum* clause to $500,000.00. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . for the district and division embracing the place where such action is pending."); Pl's. Mot. for Leave to File Am. Compl. 1. Amtrak opposes the amendment, citing bad faith.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(B). Moreover, the Rule requires courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has liberally construed this standard, such that leave to amend should be denied only if prejudice, bad faith, or futility is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).

## III. DISCUSSION

Ms. Alt's proposed amended complaint maintains all of the counts and allegations of her original complaint, and seeks only to increase the amount in controversy in this case from $74,999.00 to $500,000.00. Amtrak argues that Ms. Alt's motion should be denied because the $425,001.00 increase in her *ad damnum* request is made in bad faith. Specifically, Amtrak contends that in pleading $74,999.00 to avoid diversity jurisdiction and keep her case in state court, only to later seek damages in excess of the jurisdictional requirement upon removal, Ms. Alt's actions "appear[] to be the type of manipulation that triggers an exception to the ordinarily liberal approach towards leave to amend countenanced by the Rules." Def.'s Opp. 3.

Because federal courts are not courts of general jurisdiction, they may only preside over those matters governed by Article III of the Constitution and the statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal courts have jurisdiction based on diversity of citizenship if there is complete diversity of the parties, and the amount in controversy exceeds the sum of $75,000.00. 28 U.S.C. § 1332.

Where diversity of citizenship and the requisite amount in controversy are absent, federal courts may claim jurisdiction over civil actions arising under the laws of the United States, and over civil actions against corporations incorporated by an Act of Congress and in which the United States owns more than one-half of the capital stock. 28 U.S.C. §§ 1331, 1349. Amtrak properly removed the instant case pursuant to these statutory grants of federal question jurisdiction. While Ms. Alt has not explicitly stated so, her pleading of $74,999.00, just over one dollar below the federal jurisdictional threshold, evinces a strategic effort to keep her case in state court. It is equally apparent, then, that Ms. Alt anticipated only the prospect of diversity jurisdiction in this case, and did not foresee the possibility that Amtrak could remove the matter based on federal question jurisdiction.

Amtrak asserts that this strategic pleading constitutes bad faith, and that the Court should therefore deny Ms. Alt's motion. To bolster its argument, Amtrak cites *Schwenk v. Cobra Mfg. Co.*, in which the District Court for the Eastern District of Virginia, examining Plaintiff's motion to remand his case from federal court, found that "Plaintiff's [initial] demand for $74,000, knowing that he [would] eventually amend to demand a sum well in excess of $75,000, is an attempt to avoid diversity jurisdiction . . . [which] constitutes bad faith by Plaintiff's counsel and will not be tolerated by this Court." 322 F. Supp. 2d 676, 678 (E.D. Va. 2004). For additional support, Amtrak cites the Fifth Circuit's finding that bad faith exists where plaintiffs "plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). Contrary to Amtrak's contentions, however, the holdings in *Schwenk* and *De Aguilar* are distinguishable from this case.

Both *Schwenk* and *De Aguilar* considered the amount in controversy in the context of the propriety of removal to federal court, not, as here, in the context of a proposed motion to increase the total *ad damnum* clause. The holdings in *Schwenk* and *De Aguilar* were predicated on the plaintiffs in those cases having had actual knowledge, at the time they filed their complaints in state court, that their claims were worth more than the amount they sought. Those plaintiffs also maintained plans to amend their complaints to seek more damages, but still claimed lesser amounts for the specific purposes of avoiding removal based on diversity jurisdiction and preserving a basis for remand. *See Schwenk*, 322 F. Supp. 2d at 678 (denying motion for remand where the plaintiff objected to the defendant's request for admission that his total damages did not exceed $75,000.00, and openly admitted before the court his intention to increase the amount in his *ad damnum* clause by up to six million dollars from his original claim of $74,000.00); *De Aguilar*, 47 F.3d at 1412 (noting that plaintiffs, the estates of decedents killed in a plane crash in Mexico, had claimed damages of up to five million dollars in their previous actions for the same matter filed in other courts, and thus finding bad faith where plaintiffs continued to claim lesser damages to prevent removal to federal court, and preserve grounds for remand).

Unlike *Schwenk* and *De Aguilar*, there is no indication that Ms. Alt knew that her claim was worth over $75,000.00 at the time she filed her complaint in state court, or that she planned, at the time of her state court filing, to increase her *ad damnum* amount. In her supplemental memorandum supporting her motion to amend, Ms. Alt "maintains all [of the original complaint's] counts and allegations," and asserts a concrete reason for her requested change: that, subsequent to filing her complaint, she was advised by one of her treating physicians to have surgery on her injured left arm. Pl's. Mot. to Am. 1. The Court is not persuaded that Ms. Alt's newly discovered surgery entirely supports her increase of $425,001.00 in her *ad damnum*.

5

Indeed, as Amtrak asserts, up to now, Ms. Alt has only $18,528.19 in medical expenses and lost wages as a result of the alleged incident. Def.'s Opp. 3. Ms. Alt's somewhat specious basis for her proposed *ad damnum* increase does not, however, rise to the level of bad faith.

The Federal Rules of Civil Procedure afford plaintiffs, as the so-called "master[s] of the complaint," broad latitude in their damages pleadings. *See generally* Fed. R. Civ. P. 8(a); 5 Charles A. Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure* § 1255 (3d ed.) ("A plaintiff in a damage action is not bound by his *ad damnum* clause; the district court may permit a verdict in excess of the amount demanded. . . . The ability of a federal court to award relief on the basis of the evidence adduced at trial rather than on the basis of the formal allegations in the pleading is another manifestation of . . . the decrease in the importance of the pleading stage in federal litigation."); 6 Charles A. Wright & Arthur R. Miller, et al., *Federal Practice and Procedure* § 1474 (3d ed.) ("Rule 15(a) does not enumerate the particular purposes for which an amendment may be sought; it simply provides a basic policy statement . . . [a] Rule 15(a) amendment also is appropriate for increasing the amount of damages sought, [although] [t]echnically, these amendments are not necessary since Rule 54(c) provides that regardless of the formal demand for relief, the final judgment should grant the relief to which each party is entitled . . . Amendment also avoids any possibility that the opposing party will object on the ground of surprise or prejudice."). Given the liberal acceptance of, and relatively little weight afforded to, a plaintiff's initial damages pleading in determining the ultimate relief to which the parties are entitled, Ms. Alt's relatively implausible contention that her arm surgery is the sole basis for increasing her *ad damnum* by $425,001.00 does not warrant a finding of bad faith.

Although Ms. Alt's initial pleading of $74,999.00 is evidence of an ill-conceived attempt to avoid federal jurisdiction, there is nothing to suggest that Ms. Alt originally planned to seek a

greater *ad damnum* during the procession of her case in either state or federal court. In fact, Ms. Alt's original damages figure demonstrates the opposite. Asking for $74,999.00, without any discussions of the possibility of increased damages during court or *ex parte* proceedings such as settlement negotiations, shows Ms. Alt's explicit effort to limit the amount of damages sought and thereby keep her case in state court. Such legal strategy, while futile when one fails to anticipate the possibility of federal jurisdiction other than based on diversity, does not establish bad faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to . . . suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove [on the basis of diversity]."); 14A Charles A. Wright, Arthur R. Miller, et al., *Federal Practice and Procedure* § 3701.1 (4th ed.) ("Because the plaintiff is deemed the master of his or her complaint, if the state court pleading asks for less than the applicable federal amount in controversy, subject matter jurisdiction generally is absent even though the underlying claim actually may be of a value exceeding the statutory minimum."). *Contra De Aguilar*, 47 F.3d at 1410 (finding that such tactical measures constitute bad faith if the face of the complaint demonstrates that the plaintiff is proceeding with the knowledge that his claims are actually worth more than the pleadings allege and the plan to increase his *ad damnum* amount); 14A Charles A. Wright, Arthur R. Miller, et al., *Federal Practice and Procedure* § 3701.2 (4th ed.) ("[F]ederal removal jurisdiction is appropriate whenever the entirety of the complaint or some other part of the record indicates that the jurisdictional amount is present notwithstanding the fact that the state court plaintiff's demand is for less than what is required.").

Finally, the record reveals no other indicia of prejudice, bad faith, or futility to warrant denial of the motion. Amtrak properly removed this case within thirty days of Ms. Alt's filing

7

her complaint and service of process. *See* 28 U.S.C. § 1446(b). Ms. Alt filed the instant motion well before the close of discovery, which was recently extended to January 29, 2016. *See* [ECF No. 31]. She has not engaged in any schemes to delay discovery or otherwise prejudice Amtrak, as shown by her compliance with Amtrak's discovery requests following a conference call with the Court to resolve her overdue discovery responses. Def.'s Opp. ¶¶ 7-10. Moreover, Ms. Alt's amended complaint alleges no novel legal theories to substantiate her claim for relief. In light of the overwhelming preference for liberal amendment standards found in both the Federal Rules and in this Court's jurisprudence, *see, e.g.*, *Glynn v. EDO Corp.*, 536 F. Supp. 2d 595, 601 (D. Md. 2008), and the absence of bad faith, prejudice, delay, or futility in this case, Ms. Alt's amendment is permissible.

## IV. CONCLUSION

For the reasons explained herein, Ms. Alt's motion for leave to amend her complaint is GRANTED.

Dated: November 19, 2015

/s/
Stephanie A. Gallagher
United States Magistrate Judge